IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK RAYMOND CLARY, ) | |
| ) | |
| Petitioner, ) | Case No. CV-06-502-S-EJL |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| RANDY BLADES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the Court in this habeas corpus action are various motions filed by the parties. Having reviewed the parties' filings, as well as the record in this case, the Court enters the following Order.

## REVIEW OF PETITIONER'S MOTIONS

### A.  Petitioner's Motion to Appoint Counsel (Docket No. 11)

Petitioner requests appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on Petitioner's ability to articulate his claims in

MEMORANDUM DECISION AND ORDER 1

light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner asserts entitlement to appointment of counsel because this is a "death penalty case." Petitioner is not under the death penalty, and appointment of counsel is not warranted under Petitioner's argument that it was statutorily possible for him to have been sentenced to death on the first degree kidnaping charge. He also alleges that counsel should be appointed because he has a head injury that prevents him from effectively litigating his case. IDOC counsel provided Petitioner with his medical records on July 16, 2007. Petitioner has not provided any medical evidence to the Court to show that he has a head injury that makes him unable to pursue his claims.

For these reasons, Petitioner's request is denied. If the Court later determines that an evidentiary hearing is required or that counsel should be appointed for another reason, it will reconsider that issue on its own.

**B. Petitioner's Motion for Expedited Review for Release on Probation Pending Outcome to Take Care of Critical Health Matters and Mental Health (Docket No. 12)**

Petitioner has requested that the Court review his Petition in an expedited manner and release him on probation pending the outcome of his case. Petitioner alleges that release is warranted so that he can obtain medical and mental health care. Because it appears that Petitioner has filed his Petition in an untimely manner, it does not presently appear that the Court can reach the merits of Petitioner's Petition. As a result, interim relief as requested by

MEMORANDUM DECISION AND ORDER 2

Petitioner cannot be granted. This Motion shall be denied. Petitioner is free to pursue a civil rights claim in a separate complaint if he believes he is receiving constitutionally inadequate medical care.

### C. Petitioner's Motion for Experts (Docket No. 24)

Petitioner is apparently requesting that an expert be appointed to support his request for appointment of counsel. He alleges that he has not received EEGs, brain MRI, C-scans, and other records of head injuries suffered at ISCI, results of spider-bite tests, records of his broken neck, records from ICIO, and records from Washington.

Petitioner mailed his Motion on July 18, 2007 (Docket No. 24). Respondent provided medical records to Petitioner on July 16, 2007 (Docket No. 25, p. 2). It appears that these items passed in the mail. Petitioner has not clarified whether he received all of the medical records in the IDOC's custody, nor has he provided any records to the Court to support his contention that he is unable to proceed without counsel as a result of his medical problems. Petitioner will have to obtain any records from out-of-state prison medical centers or outside facilities directly from those providers. For the foregoing reasons, Petitioner's Motion to Appoint Expert shall be denied.

## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY DISMISSAL (Docket No. 15)

### A. Standard of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. Summary dismissal is appropriate where it is evident from the petition that the claims have been procedurally defaulted and where dismissal would further the interests of comity, federalism, and judicial efficiency. *Boyd v. Thompson*, 147 F.3d 1124 (9th Cir. 1998). Summary dismissal of a habeas petition on statute of limitations grounds is permissible so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (sua sponte dismissal).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed on July 21, 2004, after AEDPA's enactment date, it is subject to the one-year statute of limitations.

To calculate the statute of limitations deadline, a petitioner must determine when his state court judgment became final. His federal petition is due within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the

MEMORANDUM DECISION AND ORDER 4

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

**B.  State Court Filings**

  1.  Entry of Judgment

Judgment in Petitioner's case was entered by the state court on November 26, 1996. *State's Exhibit A-1*, pp. 94-97. Through counsel, Petitioner filed a Rule 35 Motion on January 2, 1997. The trial court denied the Motion on January 8, 1997. *Id.*, pp. 98-01. Petitioner's counsel filed a notice of appeal on January 14, 1997. *Id.*, pp. 102-04.

The state district court retained jurisdiction of Petitioner for 180 days. On May 30, 1997, the state court relinquished jurisdiction, reduced the fixed portion of his sentence from fifteen years to three years, and ordered him to be incarcerated. *State's Exhibit C-1*, pp. 9-10.

The judgment of conviction and sentence were affirmed by the Idaho Court of Appeals on November 7, 1997, and because no petition for review was filed, remittitur was issued on December 1, 1997. *State's Exhibits B-5 & B-6*.

MEMORANDUM DECISION AND ORDER 5

2. <u>Subsequent Rule 35 Motions</u>

On April 30, 1997, Petitioner filed his second Rule 35 motion. *State's Exhibit C-1*, p.1. The Motion was denied. *Id.*, pp. 2-3. No notice of appeal was filed. *See State's Exhibit C-1, Table of Contents*.

On June 11, 1997, Petitioner filed a third Rule 35 motion. *State's Exhibit C-1*, pp. 11-12. The motion was denied on November 19, 1997. *Id.* at pp. 14-15. No notice of appeal was filed. *See State's Exhibit C-1, Table of Contents*.

On December 1, 2000, Petitioner filed a fourth Rule 35 motion. *Id.*, pp. 30-50. After denial of the motion, Petitioner filed a notice of appeal. *State's Exhibit C-1*, pp. 54-58.

On February 12, 2001, Petitioner filed a fifth Rule 35 motion, based on the fact that the judgment from November 26, 1996, stated that he pled guilty rather than that he was found guilty by a jury. *Id.*, pp. 76-77. On March 13, 2001, the Court amended the judgment to read that a jury had found Petitioner guilty of the offenses, and denied Petitioner's other challenges. He appealed, and the appeal was consolidated with the appeal from the trial court's December 15, 2000 order denying Rule 35 relief. *State's Exhibit E-1*, pp. 163-64. The Idaho Court of Appeals affirmed the orders. *State's Exhibit D-7*. Petitioner's petition for review before the Idaho Supreme Court was denied on June 13, 2002, and a remittitur issued the same day. *State's Exhibits D-7 through D-12*.

On September 3, 2002, Petitioner filed a sixth Rule 35 motion, which was denied by the state district court. The Idaho Court of Appeals affirmed the trial court's denial of the motion. Petitioner did not file a petition for review, and remittitur issued on March 12, 2004. *State's Exhibits F-1 through F-4.*

### 3. Post Conviction Action

Petitioner filed a post-conviction petition on June 17, 1998, which was dismissed by the state district court. *State's Exhibit G-1*, pp. 60-64. He appealed. On September 13, 2005, the Idaho Court of Appeals affirmed dismissal of the petition. *State's Exhibit H-9.* Petitioner filed a petition for review, which was conditionally dismissed as untimely on December 2, 2005 by the Idaho Supreme Court. *State's Exhibits H-17 & H-18.* The denial of the petition for review was made final and remittitur issued on January 27, 2006. *State's Exhibit H-22.*

## C. Discussion of Statute of Limitations Issue

Based on the foregoing procedural history, Petitioner's judgment became final on December 1, 1997, when the Idaho Court of Appeals issued its remittitur on direct appeal. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Absent any statutory tolling for properly-filed state post-conviction applications, Petitioner's federal statute of limitations would have expired on December 1, 1998.

At the time Petitioner's judgment became final on December 1, 1997, orders on Petitioner's first, second, and third Rule 35 motions had become final. Thus, there was

MEMORANDUM DECISION AND ORDER 7

nothing pending in state court from December 2, 1997, through June 16, 1998; on June 17, 1998, Petitioner filed his petition for post-conviction relief. As a result, 196 days of his 365-day federal statute of limitations were used. The statute was tolled from June 17, 1998, until January 27, 2006. Petitioner's statute began running again on January 28, 2006, and ran for 310 days until December 4, 2006, the day before he filed his federal Petition on December 5, 2006 (Docket No. 1). Thus, Petitioner had a 365-day statute, and did not file his petition until 506 (196 + 310) days later, or 141 (506 - 365) days too late. Even if the Court allows the mailbox rule to be applied (even though Petitioner did not complete a mailing certificate), and uses the Petition execution date of November 1, 2006, the Petition is still 108 days late.

### D. Equitable Tolling

#### 1. Standard of Law

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness").

MEMORANDUM DECISION AND ORDER 8

2.  Discussion

Respondent provided Petitioner with the proper standard of law for equitable tolling in the Memorandum supporting the Motion to Dismiss (Docket No. 15-2). Petitioner has not filed a response to the Motion to Dismiss that was filed on May 29, 2007. He filed a notice stating that he objected to the lodging of the state court record without a copy for him, and he filed a letter stating that he had no legal training and that his lawyers have obstructed justice and prejudiced the entire procedural process (Docket Nos. 18 & 23).

The Court shall provide Petitioner with an opportunity to present argument and evidence in response to the Motion for Summary Dismissal and in support of equitable tolling. He shall present his argument in the form of a "motion to proceed on the merits of the petition," and he shall attach any exhibits or affidavits in support of his argument to the motion. Thereafter, Respondent may file a response. Petitioner need not address Respondent's alternative arguments, that the claims are noncognizable and procedurally defaulted, but he need only respond to the statute of limitations issue and present argument and evidence on equitable tolling.

Petitioner has not shown how having the lodged state court record would aid him in making a showing of why his federal petition was late. He does not state whether he has any portion of the record in his possession. Here, Petitioner must show that some type of "extraordinary circumstance" stood in the way of his filing his federal habeas petition on time. If Petitioner describes how a copy of the state court record would help make such a factual showing and he lists which portions of the record are in his possession, the Court will

MEMORANDUM DECISION AND ORDER 9

consider providing additional portions of it to him. However, at this point, it does not appear that the record would be helpful.

As to the argument that he is untrained in the law, Plaintiff should be mindful that ignorance of the law alone is not an appropriate ground for equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006). Similarly, in the procedural default context, the Ninth Circuit has held that illiteracy, borderline mental deficiency, and reliance upon an incompetent jailhouse lawyer are not adequate grounds to show cause to excuse procedural default. *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-08 (9th Cir. 1986). The inaction of counsel must rise to the level of "extraordinary circumstances" in order to qualify as grounds for equitable tolling. *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 15) is CONDITIONALLY GRANTED. The Court gives notice to the parties that it intends to dismiss this case with prejudice on the basis of the untimeliness of all claims. Petitioner shall have until **February 29, 2008**, in which to file a motion to proceed on the merits of the petition to show that his claims are not untimely, or that factual grounds exist to show that equitable tolling should be applied. Petitioner shall include any documentary evidence or affidavits required to support his factual allegations. Respondent may file a response, if desired.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Appoint Counsel

MEMORANDUM DECISION AND ORDER 10

(Docket No. 11) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Expedited Review (Docket No. 12) is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Experts (Docket No. 24) is DENIED.

DATED: **January 16, 2008**

~~Honorable~~ Edward J. Lodge
U. S. District Judge

MEMORANDUM DECISION AND ORDER 11